IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKEY R. THOMAS, | |
| Plaintiff, | 8:15CV213 |
| vs. | ORDER |
| ROBERT MCDONALD, Secretary of Veterans Affairs; | |
| Defendant. | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel, ([Filing No. 31](#)), Plaintiff's Motion to Dismiss, ([Filing No. 29](#)), and Defendant's Motion to Strike Plaintiff's Motion to Dismiss. ([Filing No. 33](#)).

I. Filing No. 31 - Plaintiff's Motion to Appoint Counsel

Plaintiff filed his complaint on June 11, 2015, ([Filing No. 1](#)) and was granted leave to proceed in forma pauperis on June 15, 2015. ([Filing No. 5](#)). He now moves for appointment of counsel. ([Filing No. 31](#)).

A civil litigant has no constitutional or statutory right to a court-appointed attorney. [Ward v. Smith, 721 F.3d 940, 942 (8th Cir. 2013)](#). The trial court, however, has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the pro se party's ability to investigate the facts and present or defend the claims. [Davis v. Scott, 94 F.3d 444, 447 (8th Cir. 1996)](#) (quotation and citation omitted). The court may also consider whether the plaintiff has made reasonable efforts to retain counsel before requesting a court-appointed attorney.

Considering all these factors, the court finds appointment of counsel is not warranted in this case. Plaintiff's complaint alleges employment discrimination. The claims and defenses at issue are not factually or legally complex. The plaintiff is, and has been, able to adequately litigate his claims and defenses, and he has not shown that he made reasonable efforts to locate an attorney without court assistance. [Id.](#) See also, [28 U.S.C § 1915(a)](#).

II. Filing Nos. 29 & 33

On April 21, 2016, counsel for the defendant filed the parties' joint Rule 26(f) meeting report. ([Filing No. 28](#)). A day later, the plaintiff filed a document labeled as the "Rule 26(f) Report Motion to Dismiss Two (2) elements IN RULE 26(f) REPORT entered 04/21/16." ([Filing No. 29](#)). In this filing, the Plaintiff states that he conferred with Defendant's attorney to prepare the 26(f) report, however, he opposes and seeks to dismiss Defendant's indication that it will raise the defense of immunity, arguing that any defense of immunity violates his Fourteenth Amendment rights. (See [Filing No. 29](#)). Plaintiff also seeks to dismiss the discovery provisions section on page 11 of the 26(f) Report arguing, contrary to the filing no. 28, he believes special discovery provisions are necessary for the case. ([Filing No. 29](#)).

Plaintiff's filing 29 appears to include a motion to strike, a discovery demand, and a motion for protective order. To the extent the plaintiff opposes the defendant's defense of qualified immunity in the Rule 26(f) report filed on April 21, 2015 ([Filing No. 28](#)), the validity of Defendant's immunity defense is not appropriately before the court at this time. Regarding Plaintiff's opposition to the discovery provisions, Plaintiff's arguments are neither clear nor supported by the law or practices of this court. Except to the extent required under Rule 26(a), Defendant is not required to disclose the testimony,

grievances, complaints, and statements of ICU nurses against Plaintiff subject to a confidentiality clause and without formal discovery requests.

IT IS THEREBY ORDERED

1) Plaintiff's Motion to Appoint Counsel, ([filing no. 31](filing no. 31)), is denied.

2) Plaintiff's "Motion to Dismiss Two (2) elements in Rule 26(f) Report" ([filing no. 29](filing no. 29)), is denied.

3) Defendant's Motion to Strike, ([filing no. 33](filing no. 33)), is denied as moot.

Dated this 10th day of May, 2016

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge